
FILED IN OPEN COURT
ON 6/20/24 BRH
Peter A. Moore, Jr., Clerk
US District Court
Eastern District of NC

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:24-CR-196-1
No. 5:24-CR-196-2
No. 5:24-CR-196-3
No. 5:24-CR-196-4
No. 5:24-CR-196-5
No. 5:24-CR-196-6

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MARIO SCOTT,<br>    a.k.a. "Homicide" or "Homi,"<br><br>TYFERIA SHAKUR SHERROD,<br>    a.k.a. "2 Wop" or "Wop,"<br><br>DONTA LAMONT BUSH, JR.,<br>    a.k.a. "Gonzo" or "Zo,"<br><br>HASHEEM LANGSTON,<br>    a.k.a. "Tek,"<br><br>QUEST JAQUAN DAVIS,<br>    a.k.a. "Tek,"<br><br>DEIVON JALIL SPIDLE,<br>    a.k.a. "BDay" | **INDICTMENT** |

The Grand Jury charges that:

## COUNT ONE

From in or about December 2023, and continuing until on or about January 16, 2024, in the Eastern District of North Carolina and elsewhere, the defendants, MARIO SCOTT, also known as "Homicide" or "Homi," TYFERIA SHAKUR SHERROD, also known as "2 Wop" or "Wop," DONTA LAMONT BUSH, JR., also known as "Gonzo" or "Zo," HASHEEM LANGSTON, also known as "Tek," QUEST JAQUAN DAVIS, also known as "Tek," and DEIVON JALIL SPIDLE, also known as "BDay," did knowingly and willfully combine, conspire, confederate, and agree with each other to commit an offense against the United States, that is, to unlawfully seize, confine, kidnap, abduct, and carry away and hold for ransom, reward, and otherwise, B.F., and in committing and in furtherance of the commission of the offense, used means, facilities, and instrumentalities of interstate commerce, including a GPS tracking device, cellular telephones, and vehicles in violation of Title 18, United States Code, Section 1201(c).

## OVERT ACTS

In furtherance of the conspiracy and to effect the objects thereof, the defendants committed and caused to be committed, in the Eastern District of North Carolina, certain overt acts, including but not limited to the following:

a. From in or about December 2023 until on or about January 15, 2024, TYFERIA SHAKUR SHERROD, also known as "2 Wop" or "Wop," DONTA LAMONT BUSH, JR., also known as "Gonzo" or "Zo," and DEIVON JALIL SPIDLE, also known as "BDay" communicated electronically, sharing

photos of B.F.'s social media posts depicting money and other valuables and information about a GPS tracker which had been placed on B.F.'s property and was being utilized to monitor his movements in the weeks before B.F. was kidnapped and robbed.

b. On the evening of January 15, 2024, defendants MARIO SCOTT, also known as "Homicide" or "Homi," TYFERIA SHAKUR SHERROD, also known as "2 Wop" or "Wop," DONTA LAMONT BUSH, JR., also known as "Gonzo" or "Zo," and HASHEEM LANGSTON, also known as "Tek" met at a location in Raleigh, North Carolina. They then drove two vehicles to the parking area of B.F.'s apartment complex in Raleigh, North Carolina, where they laid in wait for B.F. to arrive.

c. Once B.F. arrived at the parking structure, MARIO SCOTT, also known as "Homicide" or "Homi," TYFERIA SHAKUR SHERROD, also known as "2 Wop" or "Wop," DONTA LAMONT BUSH, JR., also known as "Gonzo" or "Zo," and others known and unknown to the Grand Jury, confronted B.F. while pointing firearms at him and proceeded to steal items, including cash, jewelry and cellular phones from B.F.

d. MARIO SCOTT, also known as "Homicide" or "Homi," TYFERIA SHAKUR SHERROD, also known as "2 Wop" or "Wop," DONTA LAMONT BUSH, JR., also known as "Gonzo" or "Zo," and others known and unknown to the Grand Jury, forced B.F. into a vehicle at gunpoint and drove him out of the apartment complex parking structure against his will.

e. QUEST JAQUAN DAVIS, also known as "Tek," and others known and unknown to the Grand Jury, bound B.F.'s hands and feet with duct tape.

f. HASHEEM LANGSTON, also known as "Tek" was present in the parking structure and acted as a lookout during the robbery and abduction of B.F.

g. MARIO SCOTT, also known as "Homicide" or "Homi," TYFERIA SHAKUR SHERROD, also known as "2 Wop" or "Wop," DONTA LAMONT BUSH, JR., also known as "Gonzo" or "Zo," HASHEEM LANGSTON, also known as "Tek," QUEST JAQUAN DAVIS, also known as "Tek," and DEIVON JALIL SPIDLE, also known as "BDay," drove B.F. to a location in Wendell, North Carolina. While at that location, they placed a trash bag over B.F.'s head and physically assaulted him.

h. MARIO SCOTT, also known as "Homicide" or "Homi," TYFERIA SHAKUR SHERROD, also known as "2 Wop" or "Wop," DONTA LAMONT BUSH, JR., also known as "Gonzo" or "Zo," DEIVON JALIL SPIDLE, also known as "BDay" and others known and unknown to the Grand Jury sought money or other items of value from B.F.'s family and friends as ransom payment. To that end, they communicated a "proof of life" video to B.F.'s family and friends and drove B.F. to a location in Knightdale for the purpose of receiving payment.

i. Utilizing an electronic key acquired from B.F.'s stolen cellular phone and passcode acquired from B.F., MARIO SCOTT, also known as "Homicide" or "Homi," and HASHEEM LANGSTON, also known as "Tek," accessed B.F.'s

apartment, from which they stole items of value, including gaming consoles, clothing and shoes.

j. Eventually, when no ransom payment was made, MARIO SCOTT, also known as "Homicide" or "Homi," and others known and unknown to the Grand Jury communicated to B.F. that they intended to kill him. B.F. fought his way out of the moving vehicle in which he was being held captive. B.F. was shot as he fled from the vehicle.

All in violation Title 18, United States Code, Section 1201(c).

## COUNT TWO

On or about January 15, 2024, through and including January 16, 2024, in the Eastern District of North Carolina, the defendants, MARIO SCOTT, also known as "Homicide" or "Homi," TYFERIA SHAKUR SHERROD, also known as "2 Wop" or "Wop," DONTA LAMONT BUSH, JR., also known as "Gonzo" or "Zo," HASHEEM LANGSTON, also known as "Tek," QUEST JAQUAN DAVIS, also known as "Tek," and DEIVON JALIL SPIDLE, also known as "BDay," aiding and abetting each other, did unlawfully and willfully seize, confine, kidnap, abduct, carry away and hold for ransom, reward and otherwise, B.F., and, in committing or in furtherance of the commission of the offense, used means, facilities, and instrumentalities of interstate or foreign commerce, including a GPS tracking device, cellular telephones, and vehicles.

All in violation of Title 18 U.S.C. Sections 1201(a)(1) and 2.

## COUNT THREE

From in or about December 2023 and continuing until on or about January 16, 2024, in the Eastern District of North Carolina and elsewhere, the defendants MARIO SCOTT, also known as "Homicide" or "Homi," TYFERIA SHAKUR SHERROD, also known as "2 Wop" or "Wop," DONTA LAMONT BUSH, JR., also known as "Gonzo" or "Zo," HASHEEM LANGSTON, also known as "Tek," QUEST JAQUAN DAVIS, also known as "Tek," and DEIVON JALIL SPIDLE, also known as "BDay," and others known and unknown to the Grand Jury, did knowingly and willfully combine, conspire, confederate, and agree with each other to commit an offense against the United States, that is, by force and violence, and by intimidation, unlawfully obstruct, delay, and affect commerce, as that term is defined in Title 18, United States Code, Section 1951, and the movement of articles and commodities in such commerce, by robbery, that is, unlawfully taking and attempting to take and obtain personal property from the person and in the presence of another, against that person's will, by means of actual and threatened force, as set forth in Title 18, United States Code, Section 1951.

## OVERT ACTS

The overt acts alleged in Count One, paragraphs (a.) through (j.) are realleged and incorporated by reference herein.

All in violation Title 18, United States Code, Section 1951.

## COUNT FOUR

At all times relevant to this Indictment, B.F. was engaged in business in interstate and foreign commerce and an industry which affects interstate and foreign commerce.

On or about January 15, 2024, through and including January 16, 2024, in the Eastern District of North Carolina, the defendants, MARIO SCOTT, also known as "Homicide" or "Homi," TYFERIA SHAKUR SHERROD, also known as "2 Wop" or "Wop," DONTA LAMONT BUSH, JR., also known as "Gonzo" or "Zo," HASHEEM LANGSTON, also known as "Tek," QUEST JAQUAN DAVIS, also known as "Tek," and DEIVON JALIL SPIDLE, also known as "BDay," aiding and abetting each other, did unlawfully obstruct, delay and affect, and attempt to obstruct, delay and affect, commerce as that term is defined in Title 18, United States Code, Section 1951, and the movement of articles and commodities in such commerce, by robbery as that term is defined in Title 18, United States Code, Section 1951, in that the defendants, MARIO SCOTT, also known as "Homicide" or "Homi," TYFERIA SHAKUR SHERROD, also known as "2 Wop" or "Wop," DONTA LAMONT BUSH, JR., also known as "Gonzo" or "Zo," HASHEEM LANGSTON, also known as "Tek," QUEST JAQUAN DAVIS, also known as "Tek," and DEIVON JALIL SPIDLE, also known as "BDay," did unlawfully take and obtain personal property, including, but not limited to, United States currency and jewelry from the person of and in the presence of B.F., against [SEN] B.F.'s will, by means of actual and threatened force, violence, and fear of injury,

immediate and future, to B.F.'s person and to the person of a relative and member of his family.

All in violation of Title 18, United States Code, Sections 1951 and 2.

## COUNT FIVE

On or about January 15, 2024, through and including January 16, 2024, in the Eastern District of North Carolina, the defendants, MARIO SCOTT, also known as "Homicide" or "Homi," TYFERIA SHAKUR SHERROD, also known as "2 Wop" or "Wop," DONTA LAMONT BUSH, JR., also known as "Gonzo" or "Zo," HASHEEM LANGSTON, also known as "Tek," QUEST JAQUAN DAVIS, also known as "Tek," DEIVON JALIL SPIDLE, also known as "BDay," and others known and unknown to the Grand Jury, aiding and abetting each other, knowingly used and carried firearms during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, that is, interference with commerce by robbery, in violation of Title 18, United States Code, Section 1951, as alleged in Count Four of the Indictment, and did possess said firearms in furtherance of said crime of violence, and one of said firearms was discharged, and did aid and abet each other in so doing.

All in violation of Title 18, United States Code, Sections 924(c)(1)(A)(iii) and 2.

## COUNT SIX

On or about June 5, 2024, in the Eastern District of North Carolina, the defendant, QUEST JAQUAN DAVIS, also known as "Tek," knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one (1) year, knowingly possessed firearms, and the firearms were in and

affecting commerce, in violation of Title 18, United States Code, Sections 922(g)(1) and 924.

## COUNT SEVEN

On or about June 5, 2024, in the Eastern District of North Carolina, the defendant, QUEST JAQUAN DAVIS, also known as "Tek," did knowingly and intentionally possess with the intent to distribute a quantity of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT EIGHT

On or about June 5, 2024, in the Eastern District of North Carolina, the defendant, QUEST JAQUAN DAVIS, also known as "Tek," did knowingly possess firearms in furtherance of a drug trafficking crime for which he may be prosecuted in a Court of the United States, as charged in Count Seven of this Indictment, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

## COUNT NINE

On or about June 5, 2024, in the Eastern District of North Carolina, the defendant, DEIVON JALIL SPIDLE, also known as "BDay," knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one (1) year, knowingly possessed a firearm, and the firearm was in and affecting commerce, in violation of Title 18, United States Code, Sections 922(g)(1) and 924.

# FORFEITURE NOTICE

Notice is hereby given that all right, title and interest in the property described herein is subject to forfeiture.

Upon conviction of any felony violation of the Controlled Substances Act charged herein, the defendant shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a), any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the said offense, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said offense.

Upon conviction of any offense charged herein constituting "specified unlawful activity" (as defined in 18 U.S.C. §§ 1956(c)(7) and 1961(1)), or a conspiracy to commit such offense, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C), as made applicable by 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the said offense.

Upon conviction of any violation of the Gun Control Act, the National Firearms Act, or any other offense charged herein that involved or was perpetrated in whole or in part by the use of firearms or ammunition, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and/or 26 U.S.C. § 5872, as made applicable by 28 U.S.C. § 2461(c), any and all firearms and ammunition that were involved in or used in a knowing or willful commission of the offense, or that were intended to be used in any offense identified in 18 U.S.C. § 924(d)(3), or, pursuant to 18 U.S.C. § 3665, that were found in the possession or under the immediate control of the defendant at the time of arrest.

The forfeitable property includes, but is not limited to, the following:

Personal Property:

a) $9,349.00 in United States Currency seized on June 5, 2024, from 524 Granite Street, Apartment 1 in Raleigh, North Carolina.

b) One Taurus Judge .45 caliber pistol, bearing serial number MR566520, seized on June 5, 2024, from 524 Granite Street, Apartment 1 in Raleigh, North Carolina and any and all associated ammunition.

c) One Springfield XD, .40 caliber firearm, bearing serial number XD365302, seized on June 5, 2024, from 4900 Coolridge Rd., Apt. C, Raleigh, North Carolina and any and all associated ammunition.

If any of the above-described forfeitable property, as a result of any act or omission of a defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p),

to seek forfeiture of any other property of said defendant up to the value of the forfeitable property described above.

**REDACTED VERSION**
Pursuant to the E-Government Act and the federal rules, the unredacted version of this document has been filed under seal.

DATE: 6/20/2024

MICHAEL F. EASLEY, JR.
UNITED STATES ATTORNEY

By: _____
SARAH E. NOKES
Assistant United States Attorney
Criminal Division

and: _____
CHARLES E. LOESER
Assistant United States Attorney
Criminal Division